UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HAROLD FORD, | Case No. 1:11-cv-551-LMB |
| Plaintiff, | |
| v. | **MEMORANDUM, DECISION AND ORDER** |
| LOISE GENICE RAWLINSON, JOHN and JACKIE SCOTT, Husband and Wife, THE GENICE RAWLINSON REVOCABLE TRUST, THOMAS C. MORRIS and SHELLY H. COZAKOS, MICHAEL E. DUGGAN and GREGG E. LOVAN, ROLF KEHNE, ROBIN STARR, and BRYAN K.WALKER, | |
| Defendants. | |

This matter is before the Court on nine separate motions to dismiss for failure to state a claim upon which relief can be granted, and for lack of jurisdiction. (Dkts. 4, 21, 25, 30, 34, 38, 39, and 41). The Court also has before it Plaintiff's Motion to Strike (Dkt. 45) and Motion for Sanctions (Dkt. 46). Having reviewed the parties' briefing and the written record, the Court finds that oral argument will not aid in the decisional process and issues the following Memorandum Decision and Order granting the Defendants' motions to dismiss, denying Plaintiff's motion to strike, and motion for sanctions, and dismissing Plaintiff's Amended Complaint (Dkt. 28) without prejudice.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

This lawsuit is the third in a series filed by Plaintiff regarding a dispute between private parties over ownership interests in real property located at 23231 Freeze Out Road, Caldwell, Idaho.  Plaintiff claims that he purchased the property in 1967. At some time after purchasing the property, Plaintiff apparently put the property up as collateral for a Farmers Home Administration (FmHA) loan.  It is unclear from the record, but it appears that Plaintiff defaulted on those loan obligations and FmHA foreclosed on the property. Thus, in January 1996, as part of a debt settlement, Plaintiff "redeemed the property."

However, because Plaintiff did not have sufficient funds to redeem the property alone, he alleges that in exchange for  provided a portion of the money to redeem the property, Defendant Lois G. Rawlinson would hold the property "in common" with him. Plaintiff acknowledges that one month prior to redeeming the property, he "quit claimed the Freezeout Propety to [Rawlinson]."  (Amended Complaint, Dkt. 3 at 14).  In so doing, Plaintiff claims that he and Rawlinson entered an "oral contract" they would hold the property together, and benefit equally from any future sale. According to Plaintiff, until April 1999, he and Rawlson resided at the property together.  Then, Rawlson moved out, and shortly thereafter, the ownership of the property came before the courts.

**MEMORANDUM DECISION AND ORDER - 2**

**A.     2001 Lawsuit**

In 2001, Plaintiff brought suit in state court against Defendants Lois Genice

Rawlinson, John Scott, Jackie Scott and The Genice Rawlinson Revocable Trust

("Rawlinson Defendants").  Defendants Michael E. Duggan and Gregg E. Lovan

("Duggan Defendants") represented Plaintiff at trial, while Defendants Thomas C. Morris

and Shelly H. Cozakos ("Morris Defendants") represented the Rawlinson Defendants.

(Defs.' Motion to Dismiss, Dkt. 21-1 at 2; Defs.' Motion to Dismiss, Dkt. 25-1 at 2.) In

March 2003, after a three day trial, judgment was entered against Plaintiff Harold Ford.

That court found that Ford had no ownership interest in the Freeze Out property and

dismissed the action with prejudice. (Defs.' Motion to Dismiss, Dkt. 4-1 at 2.)

Thereafter, Plaintiff retained Defendant Rolf Kehne as appellate counsel. The

appeal was dismissed in 2004, apparently due to Kehne's failure to timely file. (Def.'s

Motion to Dismiss, Dkt. 30-2 at 1.)

Accordingly, in July 2006, Plaintiff filed complaints with the Idaho Bar against the

Duggan Defendants for failing to diligently pursue records necessary to prove Ford's case

at trial (Defs.' Motion to Dismiss, Exht. A, Dkt. 21-2 at 1-2) and against Kehne for failing

to timely appeal. (Def.'s Motion to Dismiss, Dkt. 30-2 at 1).

On January 12, 2009, the Idaho State Bar Association notified the parties of the

Bar Counsel's findings that Duggan violated Idaho Rule of Professional Conduct 1.3, and

that Lovan violated Idaho Rule of Professional Conduct 5.1. (Defs.' Motion to Dismiss,

Exht. A, Dkt. 21-2 at 2). Defendant Kehne was also found by the Bar to have violated the professional code of conduct. (Plaintiff's *Amended Verified Complaint* ¶ 13, Dkt. 28; Memo. in Support of Motion to Dismiss, Dkt. 30-1 at 1.)

**B.      2009 Lawsuits**

Shortly after the Idaho State Bar's determination, Plaintiff initiated three lawsuits in state court related to the Bar's ethics findings ("2009 Lawsuits"). The first and second action, both filed on March 11, 2009, were for professional malpractice against the Duggan Defendants and Defendant Kehne.  On May 28, 2009, the Ada County District Court found the claims to be time-barred by the statute of limitations.  Plaintiff appealed the district court's decision, but the Idaho Court of Appeals upheld the dismissal.

On April 27, 2009, Plaintiff  brought a third lawsuit against the Rawlinson Defendants, the Morris Defendants, and notary public Defendant Robin Starr.  Defendant Bryan Walker represented Starr in this action. (Def.'s Motion to Dismiss, Dkt. 34-1 at 2.) As to the Rawlinson Defendants, Plaintiff alleged that they failed to turn over discoverable documents, committed perjury, breached an oral contract, and engaged in a fraud on the court. (*Id.*)

On September 25, 2009, the Canyon County District Court dismissed all the claims against the Rawlinson and Morris Defendants as time-barred. (Pickens Aff. Exht. A, Dkt. 4-2 at 2.). Plaintiff's claims that Starr violated her oath of office, and committed a fraud upon the Court by inappropriately stamping her notary seal and falsifying a deed, were

**MEMORANDUM DECISION AND ORDER - 4**

dismissed on the pleadings. (Motion to Dismiss of Def. Bryan K. Walker, Dkt. 34-2 at 2). Furthermore, the Court found that the claims were brought frivolously and awarded $3,260.70 to the Rawlinson Defendants and $5,688 to Defendant Starr in reasonable costs and attorney fees. (Picket Aff., Exht. B, Dkt. 4-2 at 5).

On March 10, 2011, the Court of Appeals for the State of Idaho affirmed the district court's dismissal with prejudice and directed that the district court award fees and costs associated with the appeal. (*Id.*, Exht. 3, Dkt. 4-2 at 1.) Plaintiff's subsequent Petition for Review to the Idaho Supreme Court was denied on April 19, 2011. The district court awarded $2,320 to the Rawlinson Defendants, and $13,647.88 to the Morris Defendants. (Picket Aff., Exht. D, Dkt. 4-2 at 1-2.)

## C.    Current Complaint

In this instant action, Plaintiff largely duplicates or restates the claims he brought in the 2001 and 2009 lawsuits. (*Amended Verified Complaint* ("Compl.") ¶22, Dkt. 28.) However, Plaintiff now seeks to invoke federal jurisdiction by referring to several federal statutes, including 18 USC § 1512; 42 USC §§ 1983, 1985, 1986, and 1988, and Idaho R. Civ. P. 60(b)(3). (*Id.* ¶ 11.) Unlike his previous lawsuits, Plaintiff also includes Defendant Bryan Walker as a party, claiming that he aided his client in avoiding a deposition, and that he lied under oath. (*Id.* ¶ 64-66.) It appears that all of Plaintiff's remaining claims, including his new claims of alleged fraud against the court and continuous damage tort, were raised in at least one, if not all, of the 2009 lawsuits. (*Id* ¶ 11.)

**MEMORANDUM DECISION AND ORDER - 5**

Plaintiff addresses the statute of limitations issue by arguing that he qualifies for equitable tolling because there are "extraordinary circumstances" which prevented him from timely filing, and that he acted with reasonable diligence throughout the period to be tolled. Plaintiff points out that New York law authorizes the use of equitable tolling when a plaintiff has been induced by fraud or deception to refrain from filing a timely action. (Plaintiff's Motion to Strike ¶ 3, Dkt. 45-1.).

Most recently, Plaintiff filed a Motion for Sanctions and a Motion to Strike.

## DISCUSSION

**A.     Plaintiff's Motion for Sanctions (Dkt. 46)**

In his Motion for Sanctions, Plaintiff claims that the Duggan Defendants' Motion to Dismiss (Dkt. 21) was not properly served on him, and argues that these defendants should be subject to sanctions because their failure to serve unnecessarily delayed these proceedings and prevented him from adequately responding to the motion

When pleadings or motions are filed with the court, the filing party certifies that the paper "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law, or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b).  If the Court determines that Rule 11(b) has been violated**,** the court may impose appropriate sanctions.

Federal Rule of Civil Procedure 5 contain the requirements for service of pleadings made subsequent to the original complaint.  Rule 5 states that proper service includes "mailing it to the person's last known address–in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). In addition, District of Idaho Local Civil Rule requires the moving party to "serve and file with any motion affidavits . . .copies of all . . . documentary evidence and other supporting materials on which the moving party intends to rely." Dist. Idaho Loc. Civ. R. 7.1(b)(2).

In the instant action, the record reflects that Plaintiff was served with the motion and the contested documents by United States Mail to his last known mailing address. (Prusynski Aff. Dkt. 21-2 at 4.) In addition, in filing his motion for sanctions, Plaintiff has responded to the motion, the affidavit, and the attached exhibits.  This response directly contradicts his argument that he is unable to respond.  The evidence before the Court clearly establishes that Plaintiff was properly served with the motion and supporting documents, and that he had sufficient time to respond. Accordingly, Plaintiff's motion for sanctions is denied.

**B.    Plaintiff's Motion to Strike (Dkt. 45)**

As with his motion for sanctions, Plaintiff requests that the Court strike the Dugan Defendants' Answer as being untimely and that their reliance on *Stafford v. Morfitt*[1]

---

[1] *Stafford v. Morfitt*, CV-08-378-SBLW, 2009 WL 838780 (D. Idaho Mar. 29, 2009) *aff'd sub nom. Stafford v. Owyhee Vill. Inc.*, 457 Fed. Appx 666 (9th Cir. 2011).

**MEMORANDUM DECISION AND ORDER - 7**

(Prusynski Aff. Exht. B, Dkt. 21-2) constitutes a "sham pleading" and that it too should be stricken.  Plaintiff argues that Ninth Circuit Court of Appeals Rule 36-3, relating to citation of unpublished opinions, precludes *Stafford* cannot be used as precedent because it is still actively on appeal. Plaintiff also claims that *Stafford* is not relevant to this case and its inclusion in the Dugan Defendant's supporting affidavit is immaterial or impertinent.  (Motion to Strike, Dkt. 45)

Federal Rule of Civil Procedure 12(f) governs motions to strike, and provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  *Id*.  The Ninth Circuit has explained that "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880,885 (9th Cir. 1983).  Immaterial matter is that which has "no essential or important relationship to the claim for relief," and "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc.v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds, Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994).  However, a motion to strike an "allegedly legally insufficient, immaterial or impertinent defense is not a favored motion by the courts." *United States v. Articles of Food . . . Clover Club Potato Chips*, 67 F.R.D. 419, 421 (D. Idaho, 1975) ("[A motion to strike] will be denied if [it] has any relation to the subject matter of the controversy");

**MEMORANDUM DECISION AND ORDER - 8**

*Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1300 (D. Nev. 2003) ("Federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

Procedurally, this case and *Stafford v. Morffit* are remarkably similar. The *Stafford* case involved a boundary dispute that was brought in federal district court after being dismissed by the state court. In federal court, the plaintiff brought claims of fraud against the court and conspiracy, which are nearly identical to Plaintiff's Amended Complaint here.  (Brief in Support of Petition for Review, Dkt. 45-1 at 1.)   In the *Stafford* case, the presiding federal judge persuasively addressed jurisdictional issues that are also present here.  Finally, because *Stafford* is a federal *district court* decision, Plaintiff's contention that Ninth Circuit rules prevent it from being considered is without merit because the rule he relies upon relates only to citations to orders of the Ninth Circuit Court of Appeals. Accordingly, Plaintiff's Motion to Strike (Dkt. 45) is denied and the Duggan Defendants' Motion to Dismiss (Dkt. 21) and supporting documentation, including the *Stafford v. Morfitt* decsion, will be considered.

## C.    Defendants' Motions to Dismiss (Dkts.

### 1.    Subject Matter Jurisdiction

A Rule 12(b)(1) motion to dismiss challenges the subject matter jurisdiction of the court to hear the claims presented to it. Federal courts are courts of limited jurisdiction with no "inherent" subject matter jurisdiction; they can adjudicate only those cases that

**MEMORANDUM DECISION AND ORDER - 9**

the Constitution and Congress empower them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994). Because a federal court cannot waive a lack of subject matter jurisdiction, any party, including the court itself, can raise the issue of jurisdiciton at any time. *Attorneys Trust v. Videotape Computer Products, Inc.,* 93 F.3d 593, 594-595 (9th Cir. 1996). The burden of establishing the appropriateness of the Court's exercise of jurisdiction lies with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

Subject matter jurisdiction can be found through either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331-32. Diversity jurisdiction requires (1) that no plaintiff is a citizen of the same state as any defendant; and (2) that the amount in controversy be greater than $75,000. 28 U.S.C. § 1332.  There is no dispute that in this case the Plaintiff and all Defendants are citizens of Idaho.  Thus, diversity jurisdiction cannot exist. (*See* Amend Verified Complaint, Dkt. 28 at 2.)

United States district courts may exercise federal question jurisdiction in two situations. *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083 (9th Cir. 2009).  First, if a federal right is "'an element, and an essential one, of the plaintiff's cause of action.'" *Id.* (*quoting Gully v. First National Bank,* 299, U.S. 109, 112 (1936)). Second, jurisdiction is found if a state-law claim "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. V. Darue Eng'g & Mfg.,* 545 U.S. 208, 314 (2005).

**MEMORANDUM DECISION AND ORDER - 10**

A federal question cannot be supplied by a defense, but must "be disclosed upon the face of the complaint, unaided by the answer." *Phillips Petroleum Co. V. Texaco, Inc.,* 415 U.S. 125, 127-28 (1974). The federal issue must be "a substantial one, indicating a serious federal interest ...." *Id.* at 313.

In this instant action, none of the Plaintiff's state-law claims raise a federal issue. Thus, the question is whether Plaintiff's invocation of federal statutes is sufficient to support subject matter jurisdiction.

Generally, a suit will not be dismissed for failure to state a proper cause of action on jurisdictional grounds. *See Bell v. Hood,* 327 U.S. 678, 682 (1946).  The United States Supreme Court has held that a claim alleged to arise under federal law should not be dismissed for lack of subject matter jurisdiction if the dismissal depends on the interpretation of federal law. *Bell,* 327 U.S. at 685 ("The right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another."). In fact, "where a complaint . . . seek[s] recovery for any wrong under under 28 U.S.C. § 1343, the district court *must* assume jurisdiction over the subject matter [with limited exceptions.]" *Ouzts v. Maryland Nat. Ins. Co.,* 470 F.2d 790, 921-92 (9th Cir. 1972).

 These limited exceptions provide that a federal court should dismiss a federal question claim for lack of subject matter jurisdiction if: (1) "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the

purpose of obtaining jurisdiction;" or (2) "such a claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682-83 (*cited by Leeson*, 671 F.3d at 975).

The Ninth Circuit Court of Appeals has held that "[f]rivolous filings are those that are both baseless and made without a reasonable and competent inquiry." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997). To be considered baseless, an assertion of subject matter jurisdiction must lack a factual foundation. *Montrose Chem. Corp. of California v. Am. Motorists Ins. Co.,* 117 F.3d 1128, 1133. Thus, a claim is frivolous when an essential element of the claim is not alleged at all in the complaint. *Jenkins v. Rockwell Int'l Corp.,* 595 F. Supp. 399, 402 (D. Nev. 1984) (dismissing § 1983 and § 1985(3) claims for lack of jurisdiction when complaint failed to allege under color of state law and class based discriminatory animus elements, respectively); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (dismissing first amendment privacy claim where plaintiff failed "to allege more than a trivial or incidental interference with his putative privacy interest").  Similarly, a claim is "wholly insubstantial and frivolous," even if specific federal statutes are invoked, if the connection between the allegedly wrongful conduct and the deprivation of constitutional rights is "attenuated," or when claims "fail to allege the tortious violation of any federally protected right." *Franklin v. State of Or., State Welfare Div.,* 662 F.2d 1337, 1343 (9th Cir. 1981).[2]

---

[2] In the *Franklin* case, the court dismissed § 1983 claims because the defendants enjoyed immunity from those claims.

On the other hand, any "non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction." *Cement Masons Health and Welfare Trust Fund for Northern California v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999); *But see McBride Cotton & Cattle Corp. V. Veneman*, 290 F.3d 973, 981 (9th Cir. 2002) ("The mere allegation of a . . . violation is not sufficient to provide subject matter jurisdiction. Rather, the plaintiff must allege facts sufficient to state a violation."). When considering this issue, all of a plaintiff's allegations should be taken as true, and if any of the allegations, regardless of how unlikely their proof, would state a non-frivolous claim, then the court must have jurisdiction. *Franklin*, 662 F.2d at 1347.

Finally, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) *citing* 16 Moore § 106.66[1], pp. 106-88 to 106-89. The Ninth Circuit Court of Appeals has noted:

> "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction, it is nothing. Especially at a time when the burden of litigation in federal courts reaches a peak thought improbable only a few years ago, it is imperative that any attempt to impose upon federal jurisdiction by pleadings without legal justification must be vigorously discouraged."

*In re Mooney,* 841 F.2d 1003, 1006 (9th Cir. 1988).  If the court cannot dismiss the complaint for lack of jurisdiction, then it must consider the merits of the complaint in ruling on a motion to dismiss for failure to state a claim, as governed by Rule 12(b)(6).

**MEMORANDUM DECISION AND ORDER - 13**

a.     **Analysis**

Plaintiff seeks to invoke federal question jurisdiction "pursuant to 18 U.S.C. § 1512, 42 USC §§ 1983, 1985, 1986, and 1988,"[3] as well as "Idaho Rule of Civil Procedure 60b Subdivision 3." (Complaint, Dkt. 28 at 3.) As explained more fully below, each of Plaintiff's invocations of jurisdiction are factually unsupported.

Plaintiff first invokes jurisdiction under 18 U.S.C. § 1512, which makes tampering with a witness, victim, or informant a federal crime. However,  private rights of action brought under this statute are not recognized. *See, e.g., Thomas v. Bryant,* C09-5189-RBL, 2009 WL 2473662 (W.D. Wash. Aug. 7, 2009) (*citing Gipson v. Callahan,* 18 F.Supp.2d 662, 668 (W.D.Tex.1997)). Thus, Plaintiff's invocation of jurisdiction pursuant to 18 U.S.C. § 1512 is inadequate because there is no possible relief Plaintiff could gain under this statute.

Next, Plaintiff invokes the provisions of 42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must allege constitutional violations, and that the defendant was acting "under color of state law."  *See Jenkins v. Rockwell Int'l Corp.,* 595 F. Supp. 399, 402-03 (D. Nev. 1984). When a plaintiff brings a § 1983 action against "one who does not act under color of state law, 'the claim is not coming within the jurisdiction of the

_____

[3] There can be no meaningful dispute that 42 U.S.C. § 1986, which extends § 1985 liability to parties who knew about, but did not participate in, a conspiracy; and 42 U.S.C. § 1988, which provides for the award of fees for a successful claim under 42 U.S.C. §§ 1981, 1981a, 1982, 1983, 1985, and 1986, provide no jurisdictional basis for any claim. Accordingly, the Court's analysis addresses only 42 U.S.C. §§ 1983 and 1985 as jurisdiction can only be legitimately claimed under those sections.

**MEMORANDUM DECISION AND ORDER - 14**

district court.'" *Franklin I*, 662 F.2d at 1345.  Thus, it is axiomatic that § 1983 actions cannot be sustained against private parties. *See Civil Rights Cases,* 109 U.S. 3 (1883).

Here, all the defendants are either private parties or retained counsel for those private parties.[4]  As a result, because they are private parties not acting under color of state law, all these Defendants are immune from any § 1983 claim. *Id.* Because there is no possibility that any relief could be granted to the Plaintiff under § 1983, this Court finds, and thus concludes, that § 1983 is insufficient to confer jurisdiction. Accordingly, those claims will be dismissed.

Plaintiff also invokes jurisdiction under 42 U.S.C. § 1985. A claim under § 1985 requires an allegation that the defendants' conduct was motivated by racial or other class based invidiously discriminatory animus. *United Broth. Of Carpenters & Joiners v. Scott,* 463 U.S. 825, 827 (1983).  Here, Plaintiff does not allege any discriminatory animus in his complaint.  Accordingly, Plaintiff's § 1985 claim is without merit and is insufficient to support jurisdiction and will be dismissed accordingly.

Finally, Plaintiff raises jurisdiction under Idaho Rule of Civil Procedure 60(b)(3). However, it is well-settled that state law cannot by itself convey jurisdiction on a federal court. *See, e.g., Jenkins v. Rockwell Int'l Corp.,* 595 F. Supp. 399, 403 (D. Nev. 1984) ("A provision of the Nevada Constitution cannot confer jurisdiction on the federal court."). Even if the statute could convey jurisdiction to a federal court, Plaintiff's claims

---

[4] Retained or appointed counsel are not considered to act under color of state law. *Franklin I,* 662 F.2d at 1345, *quoting Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972).

**MEMORANDUM DECISION AND ORDER - 15**

of fraud on the court are not "necessarily dependant on resolution of a substantial

question of federal law." *Grable & Sons Metal Prod., Inc.,* 545 U.S. at 314. Accordingly,

the Court is without subject matter jurisdiction.

Accordingly, all of Plaintiff's claims against these Defendants in this action are

dismissed for lack of subject matter jurisdiction.

**D.      Alternative Grounds for Dismissal**

      **1.      Res Judicata and Full Faith and Credit**

All Defendants in this action argue that Plaintiff's claims are barred by res judicata

and full faith and credit. These arguments are based on the contention that Plaintiff has

already litigated his claims in state court. Defendants further contend that the Idaho

Court of Appeals has already ruled against Plaintiff on these very same claims.

Plaintiff counters that he has brought new claims not previously considered, those

being fraud on the court and continuing tort.

The doctrine of res judicata bars a party from "relitigating issues that were or could

have been raised" in an action if there has already been a final judgment on the merits.

*Allen v. McCurry,* 449 U.S. 90, 94 (1980). Federal courts adhere to this doctrine, even if

the underlying final judgment is a state court judgment, in order to "reduce unnecessary

litigation," allow for reliance on adjudication, and also "promote the comity between state

and federal courts that has been recognized as a bulwark of the federal system." *See id.* at

95-96. Further, the Ninth Circuit Court of Appeals has held the Full Faith and Credit Act

**MEMORANDUM DECISION AND ORDER - 16**

requires that federal courts "give the same preclusive effect to a state-court judgment as another court of that State would give." *Palomar Mobilehome Park Assn. v. City of San Marcos,* 989 F.2d 362, 364 (9th Cir. 1993). Therefore, a court should apply the state's res judicata law, of the state where the district court is located to determine if an action should be dismissed on preclusion grounds. *See id.*

In addition, the relevant res judicata state law in Idaho controls both claim preclusion and issue preclusion. *Ticor Title Co. V. Stanton,* 157 P.3d 613, 617 (Idaho 2007). In order for "claim preclusion to bar a subsequent action there are three requirements: (1) same parties; (2) same claim; and (3) final judgment." *Id.* at 618. The "same parties" requirement include a party's privy, a person who derives "his interest from one who was a party to" the underlying judgment. *Id.* The "same claim" requirement includes "every matter which might and should have been litigated in the first suit." *Id.* at 620. This definition encompasses "all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Id.* Therefore, it necessarily follows that the "final judgment" requirement does not require that "the precise point or question in the present action be finally resolved in the prior proceeding." *Id.* Rather, there has to be a final judgment in the prior litigation on the merits, and if the matter in the current action is one that could have been litigated in the prior suit, the final judgment covers that matter as well. *See id.* Finally, " for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits." *In re Marino,* 181 F.3d

1142, 1144-45 (9th Cir. 1999), *citing Ellingson v. Burlington Northern Inc.,* 653 F.2d 1327, 1330 (9th Cir.1981); *see also Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd.,* 185 F.2d 196, 205 (9th Cir.1950).

In this case, Plaintiff has litigated many of the same claims against the same defendants and received final adverse judgments from Idaho state courts.  Because of the fact that he has not been a party to Plaintiff's prior lawsuits, only Defendant Bryan Walker cannot be dismissed on res judicata grounds. Whether there is privity between Walker and Defendant Robin Starr, whom he represented in the previous litigation, is a question of fact that cannot be considered at the 12(b)(6) stage.[5]

The instant action involves the same parties, the same claims, and a final judgment on the merits regarding all defendants, except for Defendant Bryan Walker. As to the Rawlinson Defendants, Plaintiff has brought the claims regarding the disputed property in two prior cases and the claims regarding a "fraud on the court" in one previous case. The 2001 lawsuit regarding owner interest in the property was dismissed with prejudice in March 2003. The 2009 litigation against the Rawlinson Defendants, Morris Defendants, and Defendant Robin Starr, which contained the same claims that are presented in this current complaint, was dismissed with prejudice in September 2009 as being barred by the statute of limitations. The Duggan Defendants and Defendant Kehne had suits similar

---

[5] However, all of Plaintiff's state law claims are pendant to his federal claims. As such, because the federal claims are dismissed, all pendant state law claims are also dismissed, including claims against Walker.

**MEMORANDUM DECISION AND ORDER - 18**

to the current case brought against them in 2009 that were also determined to be barred by the statute of limitations and were likewise dismissed in May 2009.

In sum, the parties in this case are identical to the parties in the previous legal actions and litigation.  The claims brought by Plaintiff were nearly identical, or at the very least arose out of the same set of facts, and there were final judgments on the merits. Accordingly, Plaintiff's claims are barred based on res judicata and full faith and credit.

**2.      Statute of Limitations**

Defendants next contend that Plaintiff's complaint should be dismissed on the basis of expiration of the statute of limitations period. They argue that the § 1983 actions are subject to Idaho's statute of limitations for personal injury actions, and that the two-year limitation period has expired. Plaintiff responds claiming that the statute of limitations should be tolled because of a continuous tort arising from ongoing damages and fraud.

With the exception of § 1986, the applicable statute of limitations in a civil rights cause of action is determined by the law of the state where the district court is located and the action arose. *Hoffman v. Halden,* 268 F.2d 280, 304-05 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris,* 300 F.2d 24, 29-30 (9th Cir. 1962). By contrast, a § 1986 claim has a one year statute of limitations period. *Id.* at 304.

Section 1983 claims are subject to the state statute of limitations for personal injury actions because such claims are analogous to actions for injuries to personal rights.

*Samuel v. Michaud*, 980 F. Supp. 1381, 1410 (D. Idaho 1996) (*citing Wilson v. Garcia*, 471 U.S. 261 (1985)). In personal injury cases, the applicable Idaho statute of limitations is two years. Idaho Code § 5-219(4).  At most, Idaho's catch-all statute of limitations of four years would bar Plaintiff's claims after that period.

While state law determines the statute of limitations applied to civil rights actions, federal law controls when the claim accrues. *Olsen v. Idaho State Bd. Of Medicine,* 363 F.3d 916, 926 (9th Cir. 2004). A civil rights claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id., quoting TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A plaintiff cannot defeat the statute of limitation by arguing that each separate wrongful act in furtherance of a conspiracy restarts the statute of limitations. *See Samuel*, 980 F. Supp. at 1411 ("To permit [a plaintiff] to wait and toll the running of the statute simply by asserting that a series of separate wrongs were committed . . . would . . . defeat the purpose of the time-bar.").

In this case, the Plaintiff's injuries arose out of the 1999 property dispute. All of Plaintiff's fraud and conspiracy claims assert that Defendants are attempting to perpetuate and cover-up the alleged civil rights deprivations that arose from those disputes and the state court decisions concerning those disputes. Plaintiff claims that because there is an on-going conspiracy the statute of limitations should not bar his claims. However, the Plaintiff's injuries all arise from certain specific events, namely, the decisions in the property disputes. Therefore, the Court finds, and thus concludes, that Plaintiff knew or

**MEMORANDUM DECISION AND ORDER - 20**

should have known of these adverse rulings no later than the last Idaho Supreme Court or Court of Appeals decision concerning the dispute. The subsequent alleged continuing torts do not toll the statute of limitations because there are no new injuries or damages to the plaintiff.

Thus, the statute of limitations began to run, at the latest, in November 2004 when the Supreme Court of Idaho dismissed Plaintiff's appeal due to Defendant Kehne's alleged failure to timely file an appeal.  Plaintiff clearly acknowledges that he was aware of the adverse ruling on his case soon after that time because he filed complaints with the Idaho State Bar regarding that representation. Consequently, even assuming the most favorable statute of limitations period–four years–these civil rights actions were time-barred as of November 2008.

Accordingly, all the Plaintiff's Title 42 civil rights claims are barred by the applicable statute of limitations. To the extent the Plaintiff is attempting to assert state law claims through the use of 42 U.S.C. § 1988, those claims also fall within this statute of limitations bar.

## E.    Conclusion

The Court is without subject matter jurisdiction to hear Plaintiff's claims. Accordingly, Plaintiff's Amended Complaint. (Dkt. 28) is dismissed.. Further, because Plaintiff's state law claims would be barred by res judicata, and his federal claims would

**MEMORANDUM DECISION AND ORDER - 21**

be barred by the applicable statute of limitations, the Court concludes that amendment of the Complaint would be futile and will dismiss his federal claims with prejudice.

## ORDER

It is hereby ORDERED:

1.     Plaintiff's Motion to Strike (Dkt. 45) is DENIED;

2.     Plaintiff's Motion for Sanctions (Dkt. 46) is DENIED;

3.     Defendants Lois Genice Rawlinson, John Scott, Jackie Scott, and The Genice Rawlinson Revocable Trust's Motion to Dismiss (Dkts. 4, 41) is GRANTED;

4.     Defendants Michael E. Duggan and Gregg E. Lovan's Motion to Dismiss (Dkt. 21) is GRANTED;

5.     Defendants Shelly H. Cozakos and Thomas C. Morris's Motion to Dismiss (Dkts. 25, 39) is GRANTED;

6.     Defendant Rolf Kehne's Motion to Dismiss (Dkts. 30, 38) is GRANTED;

7.     That Defendant Bryan Keith Walker's Motion to Dismiss (Dkt. 34) is GRANTED; and

8.     Plaintiff's Amended Complaint (Dkt. 28) is DISMISSED with prejudice.

DATED:  **August 30, 2012**.

Honorable Larry M. Boyle
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 22**